## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MIGUEL COCA and )
ALEJANDRO RANGEL-LOPEZ, )
)
               Plaintiffs, )    Case No. 6:22-cv-01274-EFM-RES
)
vs. )
)
CITY OF DODGE CITY, *et al.,* )
)
               Defendants. )
_____)

## JOINT ANSWER TO AMENDED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants, by and through counsel, for their joint answer to the Plaintiffs' amended complaint, deny each and every allegation of Plaintiffs' amended complaint not specifically admitted herein, and further answer as follows:

1.    The allegations of Paragraph 1 are denied.

2.    Answering the allegations of Paragraph 2, Defendants admit the City Commission is the governing body for the City of Dodge City.

3.    Answering Paragraph 3, Defendants admit that Latino population in Dodge City has grown significantly and is vibrant.

4.    The allegations of Paragraph 4 are denied.

5.    The allegations of Paragraph 5 are denied.

6.    The allegations of Paragraph 6 are denied.

7.    The allegations of Paragraph 7 are denied.

8.    Answering Paragraph 8, Defendants state that the Dodge City commission is made up of five elected Dodge City residents. There are three seats available each election for the city

commission and elections are held in November of odd-numbered years. Defendants deny the remaining allegations of Paragraph 8.

9.      The allegations of Paragraph 9 are denied.

10.     The allegations of Paragraph 10 are denied.

11.     The allegations of Paragraph 11 are denied.

12.     Answering Paragraph 12, Defendants admit that Plaintiffs purport to bring such claims. Defendants deny that there is a private right of action and that Plaintiffs have stated a claim under such theories.

13.     The allegations of Paragraph 13 are denied.

14.     The allegations of Paragraph 14 are denied.

15.     Answering Paragraph 15, Defendants admit that the named individuals are City Commissioners and that the City of Dodge City is a municipal corporation.

16.     The allegations of Paragraph 16 are denied.

17.     The allegations of Paragraph 17 are admitted.

18.     The allegations of Paragraph 18 are admitted upon information and belief.

19.     The allegations of Paragraph 19 are admitted upon information and belief.

20.     The allegations of Paragraph 20 are admitted upon information and belief.

21.     Answering Paragraph 21, Defendants admit upon information and belief that Plaintiff Coca lives in the southern area of Dodge City. The remaining allegations of Paragraph 21 are denied.

22.     The allegations of Paragraph 22 are denied.

23.     The allegations of Paragraph 23 are admitted upon information and belief.

24.     The allegations of Paragraph 24 are admitted upon information and belief.

25.     The allegations of Paragraph 25 are admitted upon information and belief.

26.     Answering Paragraph 26, Defendants admit upon information and belief that Plaintiff Rangel-Lopez lives in the western area of Dodge City. The remaining allegations of Paragraph 26 are denied.

27.     The allegations of Paragraph 27 are denied.

28.     Answering Paragraph 28, Defendants admit that Defendant Dodge City is located in Ford County, Kansas and is a political subdivision. The remaining allegations of Paragraph 28 call for legal conclusions and therefore cannot be answered.

29.     The allegations of Paragraph 29 are admitted.

30.     The allegations of Paragraph 30 are admitted.

31.     Answering Paragraph 31, the process of changing the form of government, including at large elections, is governed by state law. Accordingly, the allegations of Paragraph 31 are denied as stated. Defendants deny any violations of the United States Constitution and the Voting Rights Act.

32.     The allegations of Paragraph 32 call for legal conclusions and therefore cannot be answered.

33.     The allegations of Paragraph 33 are admitted.

34.     The allegations of Paragraph 34 are admitted.

35.     The allegations of Paragraph 35 are admitted.

36.     The allegations of Paragraph 36 are admitted.

37.     The allegations of Paragraph 37 are admitted.

38.     The allegations of Paragraph 38 are admitted upon information and belief.

39.     The allegations of Paragraph 39 are admitted.

40.     The allegations of Paragraph 40 are admitted.

41.     The allegations of Paragraph 41 are admitted.

42.     The allegations of Paragraph 42 are admitted.

43.     The allegations of Paragraph 43 are admitted.

44.     The allegations of Paragraph 44 are admitted.

45.     The allegations of Paragraph 45 are admitted.

46.     The allegations of Paragraph 46 are admitted.

47.     The allegations of Paragraph 47 are admitted.

48.     Answering Paragraph 48, Defendants have insufficient knowledge or information to admit or deny the allegations of Paragraph 48 and therefore the same are denied.

49.     The allegations of Paragraph 49 are admitted.

50.     The allegations of Paragraph 50 are admitted.

51.     Defendants admit that elections for Dodge City Commissioners are held in November of odd-numbered years in compliance with state law. Defendants deny the remaining allegations of Paragraph 51 as stated.

52.     Answering Paragraph 52, Defendants admit that elections for commission are non-partisan. The remaining allegations of Paragraph 52 are denied.

53.     The allegations of Paragraph 53 are admitted.

54.     The allegations of Paragraph 54 are denied.

55.     The allegations of Paragraph 55 are denied.

56.     Answering Paragraph 56, Defendants admit that Ms. Soto was appointed to the Commission after a resignation. Defendants further admit that Ms. Soto was unsuccessful when she ran for election. Defendants deny the remaining allegations.

57.     The allegations of Paragraph 57 are denied.

58.    The allegations of Paragraph 58 are denied.

59.    The allegations of Paragraph 59 are denied.

60.    The allegations of Paragraph 60 are denied.

61.    The allegations of Paragraph 61 are denied.

62.    Answering Paragraph 62, Defendants deny the allegations except that the identified candidates were unsuccessful in winning elections to City Commission.

63.    The allegations of Paragraph 63 are denied.

64.    The allegations of Paragraph 64 are denied.

65.    The allegations of Paragraph 65 are denied.

66.    Answering Paragraph 66, the polling location closures are decided by Ford County and not by the City of Dodge City. The allegations of Paragraph 66 are denied.

67.    Answering Paragraph 67, Defendants are without knowledge or information sufficient to form a belief as to the allegations about the Ford County Clerk. The remaining allegations of Paragraph 67 are denied.

68.    The allegations of Paragraph 68 are denied.

69.    The allegations of Paragraph 69 are denied.

70.    Answering Paragraph 70, Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 70.

71.    The allegations of Paragraph 71 are denied.

72.    The allegations of Paragraph 72 are denied.

73.    The allegations of Paragraph 73 are admitted.

74.    The allegations of Paragraph 74 are admitted.

75.    The allegations of Paragraph 75 are admitted.

76.    The allegations of Paragraph 76 are admitted.

77.    The allegations of Paragraph 77 are admitted.

78.    The allegations of Paragraph 78 are admitted.

79.    The allegations of Paragraph 79 are admitted.

80.    The allegations of Paragraph 80 are admitted.

81.    The allegations of Paragraph 81 are admitted.

82.    The allegations of Paragraph 82 are admitted.

83.    The allegations of Paragraph 83 are admitted.

84.    The allegations of Paragraph 84 are admitted.

85.    The allegations of Paragraph 85 are admitted.

86.    The allegations of Paragraph 86 are denied.

87.    Answering Paragraph 87, Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 87.

88.    Answering Paragraph 88, Defendants state that there is a need for more affordable housing in all communities in the State of Kansas and most communities nationwide.

89.    The allegations of Paragraph 89 are denied as stated.

90.    The allegations of Paragraph 90 are denied.

91.    The allegations of Paragraph 91 are denied.

92.    The allegations of Paragraph 92 are denied.

93.    The allegations of Paragraph 93 are denied.

94.    The allegations of Paragraph 94 are denied.

95.    The allegations of Paragraph 95 are denied.

96.    The allegations of Paragraph 96, Defendants deny the allegations regarding the conclusory allegations of Latine-preferred candidates.

97.    The allegations of Paragraph 97 are denied as stated.

98.    The allegations of Paragraph 98 are denied.

99.    The allegations of Paragraph 99 are denied.

100.    Answering Paragraph 100, Defendants admit that the League of United Latin American Citizens and one of the Plaintiffs in this lawsuit sued Ford County.

101.    Defendants are without knowledge or information sufficient to answer the allegations of Paragraph 101, and therefore the same are denied.

102.    Defendants are without knowledge or information sufficient to answer the allegations of Paragraph 102, and therefore the same are denied.

103.    Defendants are without knowledge or information sufficient to answer the allegations of Paragraph 103, and therefore the same are denied.

104.    Defendants are without knowledge or information sufficient to answer the allegations of Paragraph 104, and therefore the same are denied.

105.    Defendants are without knowledge or information sufficient to answer the allegations of Paragraph 105, and therefore the same are denied.

106.    Answering Paragraph 106, Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 106.

107.    Answering Paragraph 107, Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 107.

108.    The allegations of Paragraph 108 are denied.

109.    Answering Paragraph 109, Defendants adopt and incorporate their responses to Paragraphs 1 through 108 above.

110.    The allegations of Paragraph 110 call for legal conclusions and are therefore denied.

111.    The allegations of Paragraph 111 call for legal conclusions and are therefore denied.

112.    The allegations of Paragraph 112 call for legal conclusions and are therefore denied.

113.    The allegations of Paragraph 113 call for legal conclusions and are therefore denied.

114.    The allegations of Paragraph 114 call for legal conclusions and are therefore denied.

115.    The allegations of Paragraph 115 call for legal conclusions and are therefore denied.

116.    The allegations of Paragraph 116 are denied.

117.    Answering Paragraph 117, Defendants adopt and incorporate their responses to Paragraphs 1 through 116 above.

118.    The allegations of Paragraph 118 call for legal conclusions and are therefore denied.

119.    The allegations of Paragraph 119 are denied.

120.    Answering Paragraph 120, Defendants adopt and incorporate their responses to Paragraphs 1 through 119 above.

121.    The allegations of Paragraph 121 call for legal conclusions and are therefore denied.

122.    The allegations of Paragraph 122 are denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs fail to state a claim for relief.

2.    Plaintiffs have not stated a plausible claim under Section 2 of the Voting Rights Act.

3.    Section 2 of the Voting Rights Act does not create a private right of action.

4.    Plaintiffs have not stated a claim for relief under the Fourteenth or Fifteenth Amendments.

## PRAYER FOR RELIEF

Defendants pray for judgment in their favor and against Plaintiffs on all issues for their costs and attorneys' fees incurred herein pursuant to 42 U.S.C. § 1988(b), and for such other and further relief as the Court equitable.

Respectfully submitted,

**FOULSTON SIEFKIN LLP**

By: */s/ Anthony F. Rupp*
    Anthony F. Rupp, KS #11590
    Tara Eberline, KS #22576
    Sarah E. Stula, KS #27156
    7500 College Boulevard, Suite 1400
    Overland Park, Kansas  66210
    T (913) 498-2100 | F (913) 498-2101
    trupp@foulston.com
    teberline@foulston.com
    sstula@foulston.com

    - and-

    Clayton J. Kaiser, KS #24066
    FOULSTON SIEFKIN, LLP
    1551 North Waterfront Parkway, Suite 100
    Wichita, Kansas 67206
    T (316) 267-6371 | F (316) 267-6345
    ckaiser@foulston.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 2nd of May 2023, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record, and a true and correct copy was served by electronic mail upon:

Sharon Brett, KS #28696
**AMERICAN CIVIL LIBERTIES UNION OF KANSAS**
sbrett@aclukansas.org

Chad W. Dunn *(Pro Hac Vice)*
Sonni Waknin *(Pro Hac Vice)*
Bernadette Reyes *(Pro Hac Vice)*
**UCLA VOTING RIGHTS PROJECT**
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org

Jonathan Topaz *(Pro Hac Vice)*
Sophia Lin Lakin *(Pro Hac Vice)*
Luis M. R. Roman *(Pro Hac Vice)*
**AMERICAN CIVIL LIBERTIES UNION, INC.**
jtopaz@aclu.org
slakin@aclu.org
lroman@aclu.org

Abena Mainoo *(Pro Hac Vice)*
Jonathan I. Blackman *(Pro Hac Vice)*
JD Colavecchio *(Pro Hac Vice)*
Mijin Kang *(Pro Hac Vice)*
Elizabeth R. Baggott *(Pro Hac Vice)*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
amainoo@cgsh.com
jblackman@cgsh.com
jdcolavecchio@cgsh.com
mkang@cgsh.com
ebaggott@cgsh.com

Scott Fuqua *(Pro Hac Vice)*
**FUQUA LAW & POLICY, P.C.**
scott@fuqualawpolicy.com

***ATTORNEYS FOR PLAINTIFFS***

*/s/ Anthony F. Rupp*
Anthony F. Rupp, KS #11590