UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIGUEL COCA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DODGE CITY, <br><br> Defendants. | Case No. 6:22-cv-01274-EFM-RES |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S BENCH BRIEF REGARDING EXHIBITS 41, 143, AND 144**

Plaintiffs, by and through their undersigned counsel, hereby file this Response to Defendant's Bench Brief regarding Plaintiffs' Exhibits 41, 143, and 144, Doc. # 188. Defendant's bench brief advances several unavailing reasons to deny admission of Plaintiffs' Exhibits 41, 143, and 144 which ignore the Federal Rules of Evidence or the types of evidence Plaintiffs may use to prove the totality of the circumstances for a Section 2 violation. As set forth fully below, Defendant's arguments are without merit and should be overruled.

As a threshold matter, Defendant incorrectly assumes that Plaintiffs will be unable to establish foundation to introduce Exhibit 41. But whether there is foundation to admit a particular exhibit is context dependent; foundation may be laid by any witness who has seen the exhibit and has personal knowledge of its contents. Fed. R. Evid. 602. As Defendant notes, Exhibit 41 consists of an email written by the Police Chief for Dodge City, who is an employee of the Defendant City of Dodge City, forwarding a memo written by an officer within with the City of Dodge City (also an employee of Defendant) that was created at the request of the Police Chief. *See* Pls. Ex. 41, Doc. # 188-1. It is therefore an official government record, within Defendant's custody and control. Defendant—for good reason—raises no questions regarding its authenticity. Any argument

regarding lack of foundation would therefore more properly raised within the scope of any testimony regarding the exhibit, rather than in advance through a last-minute trial brief.

Second, Exhibit 41 is not hearsay. The Police Chief and Officer Soto wrote these documents in their official capacity as employees of Defendant. These documents are therefore classic non-hearsay under Federal Rule of Evidence 801(d)(2)(D). *See Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 722 (6th Cir. 2006) (Deputy Police Chief's statements admissible under 801(d)(2)(D) because deputy chief was an agent of the defendant, and statements were made in the scope of his employment); *Todd v. City of Chicago*, 28 F. Supp. 2d 1062, 1064 (N.D. Ill. 1998) (statements by Chicago Police Department officer admissible as non-hearsay against defendant City of Chicago under Rule 801(d)(2)(d)); *Javier v. City of Milwaukee*, 2007-CV-0204, 2008 WL 2412980, *6 (W.D. Wisc. June 12, 2008) (statements by Milwaukee Police Department officer admissible as non-hearsay against defendant City of Milwaukee under Rule 801(d)(2)(d)). The report by Officer Soto included in Exhibit 41 is a public record under Federal Rule of Evidence 803(8)(A)(iii), in that it was the product of a factual investigation prepared pursuant to the officer's authority as police officer in Dodge City, and Defendant does not question its authenticity or contents. *See Payne v. Meyers*, 14-CV-39, 2016 WL 3884169, *4 (N.D. Okla. Jan. 21, 2026) (finding that report prepared by Assistant District Attorney detailing conversation between attorney and different police detectives fell under public record exception to hearsay rule, per Rule 803(A)(iii)). Exhibit 41 is admissible.

Third, Defendant's arguments regarding Rules 401 and 403 fundamentally misunderstand the point of these documents and their connection to Plaintiffs' case. Plaintiffs do not intend to question the legitimacy of HB 2350 within the context of this trial, nor waste the Court's time "speculating about [the] legislative intent" behind HB 2350, Doc. # 188 at 3. Rather, Exhibit 41

demonstrates that the Defendant, by and through its law enforcement department, elected to clandestinely surveil a Latine community meeting with the intention of reporting information back to the state Attorney General, who has previously used his position of power to advance anti-immigrant law and policy. That evidence is directly relevant to the totality of the circumstances that the Court must consider when determining if Defendants' at-large election system violates Section 2 or the Equal Protection Clause. It also directly contradicts arguments that Defendant has made in briefing, and that Plaintiffs anticipate Defendant will make at trial, regarding the City's openness and acceptance of the Latine community. But in any event, any arguments Defendants wish to make about the meaning of Exhibit 41 go to the weight it should be afforded, rather than its admissibility.

Similarly, Exhibits 143 and 144—which consist of expert analysis of Exhibit 41 and its relevance—are likewise admissible.[1] Even if Exhibit 41 was hearsay, which it is not, experts are permitted to rely on hearsay in forming their expert opinions. And Drs. Bejarano and Martinez are not testifying about the motivations for HB 2350 writ large. They are merely supplementing their previously produced expert reports with newly discovered evidence that not been made available to Plaintiffs prior to the expert discovery deadline, as they are permitted to do under Federal Rule of Civil Procedure 26(e).

Defendant's arguments regarding the relevance and reliability of Drs. Bejarano and Martinez's analyses of Exhibit 41 are likewise misplaced. Contrary to Defendant's assertions otherwise, the supplemental expert opinions do not involve speculation regarding the intent of the

---

[1] Defendant's side argument regarding Plaintiffs "failure" to supplement Dr. Barretto's expert report with the most recent census data, Doc. # 188 at 4, is nothing more than a red herring and should be ignored. The analysis conducted by Dr. Barretto for his expert report took months to complete, and had he conducted brand new analyses following the release of the 2023 election data, Defendants surely would have objected to that supplementation as untimely as well. Defendant cites no rule to support its shot across the bow against Dr. Barretto, who Defendant will have ample opportunity to cross examine at trial.

Attorney General or the Police Chief. The supplemental expert reports of Dr. Bejarano (Exhibit 143) and Dr. Martinez (Exhibit 144) merely analyze the contents of Exhibit 41 itself, and offer analysis from their fields of expertise—political science and political sociology, respectively—regarding the import of Defendant sending an undercover police officer to surveil a community meeting with the intention of reporting back on that meeting to the attorney general. Drs. Bejarano and Martinez's supplemental reports provide additional support for opinions already addressed in their original reports. Once again, Defendant is free to probe the veracity of Drs. Bejarano and Martinez's opinions and the basis thereof through cross examination. Defendant is likewise free to advance whatever alternative interpretation of Exhibit 41 it so chooses, through its own evidence and witnesses. However, Defendant offers no credible reason to exclude these exhibits altogether, or perhaps more importantly, to preclude Drs. Bejarano and Martinez from testifying to the opinions expressed therein.

## CONCLUSION

For the foregoing reasons, Defendant's objections to Exhibits 41, 143, and 144 should be overruled.

Dated: February 26, 2024

Chad W. Dunn*
Sonni Waknin*
Bernadette Reyes*
**UCLA VOTING RIGHTS PROJECT**
3250 Public Affairs Building
Los Angeles, CA 90065
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org
310-400-6019

Scott Fuqua*
**FUQUA LAW & POLICY, P.C.**
P.O. Box 32015
Santa Fe, NM 87594
scott@fuqualawpolicy.com
505-982-0961

Respectfully submitted,

By: *Sharon Brett*
Sharon Brett KS 28696
Kunyu Ching KS 29807
**AMERICAN CIVIL LIBERTIES UNION OF KANSAS**
10561 Barkley Street
Suite 500
Overland Park, KS 66212
sbrett@aclukansas.org
kching@aclukansas.org
913-490-4100

Abena Mainoo*
Jonathan I. Blackman*
Isabella Masiello*
Katherine MacAdam*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
amainoo@cgsh.com
jblackman@cgsh.com
mkang@cgsh.com
kmacadam@cgsh.com
212-225-2000

Jonathan Topaz*
Sophia Lin Lakin*
Victoria Ochoa*
**AMERICAN CIVIL LIBERTIES UNION, INC.**
125 Broad Street, 18th Floor
New York, NY 10004
jtopaz@aclu.org
slakin@aclu.org
vochoa@aclu.org
212-549-2500

*Attorneys for Plaintiffs*

* Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

Pursuant to D. Kans. Loc. R. 5.1(f), I hereby certify that on this 25th day of February 2024, a true and correct copy of the foregoing was served via the United State District Court's CM/ECF system on all parties or persons requiring notice, including upon attorneys for defendants:

FOULSTON SIEFKIN LLP
Anthony F. Rupp, KS #11590
Tara Eberline, KS #22576
Sarah E. Stula, KS #27156
7500 College Boulevard, Suite 1400
Overland Park, Kansas 66210
(913) 498-2100
(913) 498-2101 (fax)
trupp@foulston.com
teberline@foulston.com
sstula@foulston.com

FOULSTON SIEFKIN, LLP
Clayton Kaiser, KS #24066
Samuel Walenz
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas 67206
(316) 267-6371
(316) 267-6345 (fax)
ckaiser@foulston.com
swalenz@foulston.com

By: *Sharon Brett*
Sharon Brett KS 28696
**AMERICAN CIVIL LIBERTIES UNION OF KANSAS**
10561 Barkley Street
Suite 500
Overland Park, KS 66212
sbrett@aclukansas.org
913-490-4100

42